FIFTH DIVISION
JULY 25, 2008

No. 1-06-3225

| | | |
|---|---|---|
| SURESTAFF, INC., | ) | Circuit Court of |
| | ) | Cook County. |
| Plaintiff-Appellee, | ) | |
| v. | ) | No. 03 L 14573 |
| | ) | |
| OPEN KITCHENS, INC., | ) | Honorable |
| | ) | Thomas R. Chiola |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE TULLY delivered the opinion of this court:

The plaintiff, Surestaff, Inc. (Surestaff), filed a complaint against defendant, Open Kitchens, Inc. (Open Kitchens), seeking reimbursement of certain worker's compensation benefits. Following trial, a judgment was entered against Open Kitchens in the amount of $241,568.43 plus costs and attorney fees in the amount of $69,390.45. Open Kitchens appeals the judgment as well as the award of attorney fees.

BACKGROUND

In the summer of 2003, Surestaff and Open Kitchens entered into an agreement whereby Surestaff provided temporary labor to Open Kitchens. On July 28, 2003, a temporary worker suffered a fatal injury at Open Kitchens' facility in Chicago. As a result of the incident, Surestaff paid workers' compensation benefits in the amount of $241,568.43 to the decedent's beneficiaries.

Open Kitchens provides meals to various entities such as Chicago public and private schools and the Chicago Housing Authority. In the summer of 2003, the owner of Open

Kitchens, Ricardo Fiore, determined that he needed additional workers for the summer lunch

1-06-3225

program.

Open Kitchens entered into an agreement with Surestaff whereby Surestaff would provide temporary workers to Open Kitchens for the summer lunch program. At trial, Mr. Fiore testified that he met with the owner of Surestaff, Raymond Morelli, and one of Surestaff's sales associates, Frank Amanti, to discuss terms of the agreement. Mr. Fiore testified that various details were discussed and that they agreed Surestaff would pay all the workers' compensation benefits if one of the temporary workers suffered an injury.

Mr. Morelli however testified to the contrary. Mr. Morelli testified at trial that he never discussed reimbursement of any benefits. He further stated that he did not know whether his sales associate, Frank Amanti, ever discussed any terms of the ultimate agreement between Open Kitchens and Surestaff. Open Kitchens served a Rule 237 notice to produce on Surestaff requiring the production of Frank Amanti to testify at trial . 134 Ill. 2d R.237. Despite the Rule 237 notice, Frank Amanti failed to appear to testify at trial.

The jury returned a verdict in favor of Surestaff in the amount of $241,568.43. The trial court entered judgment against Open Kitchens for that amount plus costs and attorney's fees in the amount of $69,390.45. This appeal follows.

DISCUSSION

On appeal, Open Kitchens first contends that it is entitled to a new trial because plaintiff's attorney made "flagrant" and "prejudicial" comments during opening statements regarding the

2

expected testimony of Frank Amanti. Open Kitchens argues that counsel's statement was made in

1-06-3225

bad faith because (1) counsel never informed Open Kitchens or the court that Mr. Amanti would not be able to appear to testify at trial; and (2) counsel commented on defendant calling Mr. Amanti to testify when counsel knew that Mr. Amanti would not appear to testify. Open Kitchens asserts that counsel's comment was extremely prejudicial and requires reversal. We disagree.

Statements made by counsel in opening statements to the jury are improper if the statements are not made in good faith and are prejudicial. Nassar v. County of Cook, 333 Ill. App. 3d 289, 304, 775 N.E. 2d 154 (2002). Here, we do not believe the comment made by plaintiff's counsel created any prejudice. During opening statements, plaintiff's counsel stated, "[t]he defendant might also present the testimony of Frank Amanti who is an employee of Surestaff." Counsel did not refer to any expected testimony. Moreover, counsel did not imply or argue that defendant will call or should call Mr. Amanti to testify. Finally, counsel did not expressly draw attention to any failure by defendant to call a witness.

In fact, defense counsel drew attention to the comment during closing argument. Defense counsel, in a mischaracterization of what was said, stated, "Yesterday morning when [plaintiff's counsel] stood up here in front of you, right here, he told you that Frank Amonti [sic] was going to come up here and sit here and tell you what he observed." Defense counsel's statement during

3

closing argument unnecessarily pointed out the substance of the missing testimony.

Accordingly, we find that the comment made by plaintiff's counsel during opening statement was not prejudicial and the trial court did not abuse its discretion in denying defendant's motion for a new trial.

1-06-3225

Next, Open Kitchens contends that the trial court's failure to tender special interrogatory No. 1 and jury instruction No. 6 resulted in misstatements of the law which entitle Open Kitchens to a new trial.

First, defendant failed to properly preserve the issue regarding special interrogatory No. 1 and thus waived this issue on appeal. The defendant did not raise the issue in its posttrial motion. The issue was raised for the first time in defendant's reply brief in the trial court. It is well settled that questions not properly raised in the trial court are deemed waived and may not be raised for the first time on review. Western Casualty & Surety Co. v. Brochu, 105 Ill. 2d 486, 500-01, 475 N.E.2d 872 (1985).

Open Kitchens contends that the trial court misinterpreted the law when it failed to tender defendant's proposed jury instruction No. 6. We disagree.

The determination of proper jury instructions rests with the sound discretion of the trial court, and as a court of review we will not disturb such a determination absent a clear abuse of discretion. Stift v. Lizzadro, 362 Ill. App. 3d 1019, 1025-26, 841 N.E.2d 126 (2005). Nonpattern jury instructions must be impartial statements of law that are simple, brief, and free from

4

argument. <u>Lewis v. Jones</u>, 157 Ill. App. 3d 327, 332, 510 N.E.2d 157 (1987). A new trial will be granted based on a trial court's refusal to provide a suggested jury instruction only when the refusal amounts to a serious prejudice to a party's right to a fair trial. <u>Stift</u>, 362 Ill. App. 3d at 1026, 841 N.E.2d at 132.

At trial there was no dispute that Surestaff paid out the workers' compensation benefits

1-06-3225

and that Open Kitchens did not reimburse Surestaff for such benefits. Pursuant to the Illinois Workers' Compensation Act (Act), Open Kitchens was required to reimburse Surestaff for any benefits paid unless the parties agreed to a different arrangement. 820 ILCS 305/1(a)(4) (Wet 2006). Surestaff claims no other agreement was made while Open Kitchens claims the parties agreed that Surestaff would be liable for workers' compensation benefits. Thus, the only issue at trial was whether there was an oral agreement between Surestaff and Open Kitchens whereby Surestaff agreed that it would be liable for any workers' compensation benefits.

At the close of evidence, Open Kitchens tendered to the trial court its proposed jury instruction No. 6 which placed the burden on Surestaff to prove that it did not agree to provide workers' compensation benefits. Rather, the trial judge gave an instruction which placed the burden on Open Kitchens to prove that there was an agreement by Surestaff waiving its right to reimbursement.

Open Kitchens argues that the language of the statute focuses on whether an "agreement to the contrary" exists and does not mention "waiver." Thus, Open Kitchens claims the issue

5

should have been framed as "whether Surestaff made an agreement to the contrary." Open Kitchens asserts that the trial court improperly framed the issue as "whether Surestaff waived its right to reimbursement."

Section 1(a)(4) of the Worker's Compensation Act provides, in relevant part:

"Where an employer operating under and subject to the provisions of this Act loans an employee to another such employer and such loaned employee sustains a compensable

accidental injury in the employment of such borrowing employer and where such borrowing employer does not provide or pay the benefits or payments due such injured employee, such loaning employer is liable to provide or pay all benefits or payments due such [injured] employee under this Act and as to such employee the liability of such loaning and borrowing employers is joint and several, provided that such loaning employer is in the absence of agreement to the contrary entitled to receive from such borrowing employer full reimbursement for all sums paid or incurred pursuant to this paragraph together with reasonable attorneys' fees and expenses ***."

820 ILCS 305/1(a)(4) (West 2000).

We interpreted this section of the Act in Chaney v. Yetter Manufacturing Co., 315 Ill. App. 3d 823, 734 N.E.2d 1028 (2000), and explained that "with respect to an injured employee, the liability of the loaning and borrowing employers is joint and several; as between employers, the borrowing employer is primarily liable and the loaning employer [is] secondarily liable, the

latter being required to pay only when the borrowing employer fails to do so, and is then entitled to reimbursement from the borrowing employer." Chaney, 315 Ill. App. 3d at 826-27, 734 N.E.2d at 1030. We further explained "[t]he loaning employer's right to reimbursement, however, may be waived by an agreement between the respective employers." Chaney, 315 Ill. App. 3d at 827, 734 N.E.2d at 1030; see also Corrugated Metals, Inc. v. Industrial Comm, 184 Ill. App. 3d 549, 554, 540 N.E.2d 479 (1989) (where the appellate court found that under the Workers' Compensation Act the right of the loaning employer to be reimbursed by the borrowing employer may be waived 1-06-3225

by an agreement between the employers).

Turning to the instant case, we find that the trial court properly instructed the jury that Open Kitchens must prove the existence of an agreement by Surestaff to waive its right to reimbursement. The trial court's instructions were consistent with the language of the statute as well as with this court's interpretation of the statute in Chaney. The case law does not specify which party carries the burden of proving the existence of an agreement whereby the loaning employer waives its right to reimbursement. However, we find no prejudice in placing that burden on the party claiming the existence of such an agreement. For these reasons, we find the trial court did not err in instructing the jury on section 1(a)(4) of the Act.

Finally, the defendant contends that the trial court abused its discretion in awarding attorneys' fees. Open Kitchens asserts that plaintiff brought its petition for attorneys' fees and costs after the court had entered judgment on the jury verdict. Open Kitchens argues that the statute provides for the recovery of attorneys' fees and costs as an element of damages and that

7

evidence of such damages must be presented to the jury. Open Kitchens maintains that because Surestaff did not present any evidence to the jury regarding fees and costs, Surestaff's claim for such damages is barred by *res judicata*.

We find the defendant's argument to be without merit. The Act clearly provides that the loaning employer is "entitled to receive *** full reimbursement for all sums paid or incurred *** together with reasonable attorneys' fees and expenses in any hearings before the Illinois Workers' Compensation Commission or in any action to secure such reimbursement." 820 ILCS

305/1(a)(4) (West 2006).

Open Kitchens has not cited any case to support its position that evidence of attorney fees and costs must be presented to the jury. We find nothing inappropriate in the trial judge determining a proper award of attorney fees and costs.

Accordingly, we find the trial court did not abuse its discretion in awarding attorney fees and costs.

For the foregoing reasons we affirm the judgment of the trial court.

Affirmed.

FITZGERALD SMITH, P.J., and O'MARA FROSSARD, J., concur.